IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY BOLDEN, #130861, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-175-WKW |
| ) | (WO) |
| JEFFERSON S. DUNN, et al., ) | |
| ) | |
|   Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jimmy Bolden ("Bolden"), a state inmate, in which he challenges the constitutionality of conditions present at the Fountain Correctional Facility. Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

### II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be

---

[1] Upon initiation of this case, Bolden filed an application for leave to proceed *in forma pauperis*. However, under the circumstances of this case, the court concludes that assessment and/or collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.


brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the actions about which Bolden complains occurred or are occurring in the Southern District of Alabama. Moreover, it is clear from the complaint that the vast majority of those individuals named as defendants, correctional officials employed at Fountain, reside in the Southern District of Alabama. Although by virtue of their positions as Commissioner of the Alabama Department of Corrections, State Fire Marshal and State Health Agent/Officer defendants Jefferson Dunn, Scott Pilgreen and Thomas M. Miller reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and therefore appear before all federal courts of this state.

Under the circumstances of this case, the relevant evidence and those individuals with personal knowledge of the conditions about which Bolden complains are located in the Southern District of Alabama. Consequently, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

---

[2]In transferring the instant case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).  It is further

ORDERED that on or before April 13, 2017, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of March, 2017.

>           /s/   Wallace Capel, Jr.
> CHIEF UNITED STATES MAGISTRATE JUDGE